(Decided 20th February, 1891.)

---

S. KENNARD MILLER and ISAAC D. DAVIS, Executors of JOSEPH MILLER *vs.* T. FRANK MILLER, Assignee of THOMAS B. MILLER, and others.

### *Liability of Executors—Investment.*

A testator directed that the sum of $1200, out of his estate, be placed at interest on a first mortgage by his executors, the interest to be paid to his wife during her life, and after her death the principal to go back into his estate, to be equally divided among his heirs. The executors invested $1100 of this sum in a mortgage, which they took in their own names as individuals, one-half to each, no mention being made of them as executors, or that the money loaned was part of their testator's estate. The attorney who drew the mortgage testified that he prepared it at the request of one of the executors, but that he was not told it was to be to them as executors. Some months before the maturity of the mortgage, it was assigned as collateral security for the payment of a note of $1100, of a firm, of which the executors were partners; and afterwards the mortgagor becoming insolvent they purchased his equity of redemption, and took the fee to themselves as individuals. The property subsequently sold for less than the mortgage debt. HELD:

That having dealt with the money and property as their own, they could not turn in to the estate the proceeds of the property in discharge of their duties as executors, but were bound to bring into the Orphans' Court the amount of the legacy, with interest from the death of the wife, to be distributed to the parties entitled thereto.

APPEAL from the Orphans' Court of Cecil County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Albert Constable,* for the appellants.

*L. Marshall Haines,* and *Robert C. Thackery,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court for Cecil County, dated the 10th of September, 1890, directing S. Kennard Miller and Isaac D. Davis, the executors of Joseph Miller, to bring into Court the sum of $1200, with interest thereon from the death of Rebecca Miller, and to state an account distributing this sum and interest, according to the will of Joseph Miller, to the parties now entitled thereto.

By his will the testator directs that the "sum of $1200 out of my estate be placed at interest on *first mortgage,* or that *one* of my executors shall retain that amount in *their* hands, and pay over to my said wife, Rebecca, the interest thereof at six per cent., for each and every year of her natural life, and after her death the said sum of $1200  *  *  *  is to fall back again into my estate, and disposed of according to law by my executors, and equally divided amongst my heirs."

The testator died in December, 1882; his widow, Rebecca, died on the 1st of July, 1889; and on the 1st of July, 1890, the parties now entitled to this money filed the present petition asking that the executors be required to bring the same into Court and distribute it. The executors, in their answer, allege that on the 5th of

August, 1883, they invested $1100 of this money in a first mortgage on the property of one Joseph T. Cantwell and wife, in the village of Cherry Hill, Cecil County, and insist that they are responsible only for the proceeds of the sale of that property, which had been sold under a previous order of the Court of the 11th of March, 1890, for the sum of $550. A replication to this answer was filed by the petitioners, and upon the issue thus made testimony was taken.

Davis, one of the executors, says that he and his co-executor, Miller, invested $1100 of this legacy, *as such executors,* in the mortgage from Cantwell and wife *under this clause of the will,* and he is the only witness who testifies on this subject. By reference to the mortgage itself, we find that it is dated the 25th of August, 1883; that it is given to Miller and Davis as *individuals;* that no mention is made of them as executors of Joseph Miller, or that the money loaned was part of his estate, and that it makes no reference whatever to his will. It recites that Cantwell stands indebted to Miller and Davis in the sum of $1100 "in the following manner, viz., to Miller in the sum of $550 and to Davis in the same sum, and by the defeasance clause the mortgagor is required to pay these separate sums to each of them individually, with interest from date on or before the 25th of August, 1885, and the interest is made payable on the 1st of May in each and every year during the continuance of the mortgage. It contains a power of sale in case of default, and both the mortgagees, Miller and Davis, made affidavit that the consideration was true and *bona fide as therein set forth.* Now, if this was an investment under the will, and the money loaned came in fact from the estate of the testator, it is almost inconceivable that the mortgage should have been so drawn. We find it impossible to reconcile the mortgage in this form with an honest and faithful discharge by the exec-

utors of their duties under the will.   The attorney who drew the mortgage testifies that he did so at the request of Miller, (one of the executors), who told him the amount, when the interest was payable; and brought him Cantwell's deed to draw it by, but did not tell him that it was to be to them *as executors*, and he supposed it was a loan from them to Cantwell, and he drew the mortgage to them as *individuals* as it stands.

But besides this, on the 26th of January, 1885, less than seven months before the maturity of the mortgage, Miller and Davis assigned it to Mary and Jane Partridge as *collateral security* for payment of a promissory note of Davis, Keys & Co., (of which firm Davis and Miller *were partners*), for $1100 "of even date herewith and payable *one year after date."* This note, though due and payable on the 29th of January, 1886, was not in fact paid at the time the order appealed from was passed, and the mortgage was not then released from this hypothecation.   The excuse alleged for this delay in payment of the note is that the executor of Miss Mary Partridge, who died in *the summer of* 1890, had not qualified when the money was tendered to him, and that the money is now waiting for him in bank and has been there for some time.   This assignment of the mortgage by Miller and Davis, as security for their own individual debt, is an unqualified assertion of their individual ownership of it, and is utterly inconsistent with the idea that they *then* supposed they held it as *executors*, or that they were bound to deal with it under the will of their testator.   They dealt with it as their own property and just as the face of the instrument gave them the right to do.

Again, Cantwell made default in payment of the interest on the mortgage due May 1st, 1885, and became insolvent.   If they were then acting *as executors*, it was their plain duty to sell the property under the power in

Miller and Davis, Ex'rs *vs.* Miller, *et al.*

the mortgage at public sale, and invest the proceeds in some other first mortgage. If this had been then done, there is proof tending to show that the property would have brought at cash sale $1000 or $1100. But, instead of doing this, they, on their own motion and judgment, negotiated with Cantwell for the purchase of his equity of redemption, gave him $54 therefor, and on the 7th of September, 1885, took from him and his wife a deed of the property for the consideration of $1245. This deed conveys the property to Miller and Davis in fee simple, "*as tenants in common.*" Here again they become absolute owners of the property *as individuals*. As executors, they had no power to do this. The will gave them no power to *purchase* property for an investment of this legacy, but only to place it "at interest on first mortgage," and this is expressed by the testator in terms too plain to be mistaken by any one.

The fact is, upon the assumption that in these transactions they used this legacy, and not their own money, these conveyances conclusively show that they appropriated and used it for their own benefit, and not for the purpose of performing their duties as executors under the will. They took the mortgage in their own names, they pledged it as security for their own debt, and they bought out the equity of redemption and took the fee to themselves as individuals. Having thus dealt with the money and property, they cannot now turn in to the estate the proceeds of the property in discharge of their duties as executors under the will. Such return is no defense to the order appealed from, and we are clearly of opinion the order is correct and should be affirmed.

*Order affirmed, and*
*cause remanded.*

(Decided 20th February, 1891.)